**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Mohit Mohit,<br>Petitioner<br>-vs-<br>Eric Rokosky, et al.,<br>Respondents. | CV-26-5854-PHX-JFM<br><br>**Order** |

Petitioner has filed through counsel a Petition for Writ of Habeas Corpus (Doc. 1) challenging his detention pending removal proceedings. Appended to the Petition are various exhibits. The Petition includes demands for various temporary relief. Petitioner has also filed a Declaration in Support of Petition for Writ of Habeas Corpus (Doc. 2) which references attached exhibits. No exhibits are attached to the Declaration.

The Court observes that no separate motion for temporary relief has been filed. However, this case is subject to the Standard Scheduling Order under General Order 26-09 (Doc. 5), which provides:

> **4. Temporary Restraining Orders and Preliminary Injunctions** The standard scheduling order is intended to provide a prompt resolution of habeas petitions and reduce the contemporaneous filing of motions for a temporary restraining order or other injunctive relief. Motions for temporary restraining orders should be reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the standard schedule, such as imminent removal from the United States. ***If the petitioner believes an application for a temporary restraining order is appropriate, the application must be filed separately from the petition and must comply with Rule 65, Fed. R. Civ. P.*** The filing of an application for a temporary restraining order does not alter or suspend the parties' obligations under the standard schedule for briefing the petition for final disposition. The District Judge or the Magistrate Judge, where the parties have consented to Magistrate Judge jurisdiction, will manage the case through completion, including any adjudication of any application for preliminary equitable relief.

> **5. Notice of Removal of Petitioner from the United States**
> During the pendency of these proceedings, the government must provide at least two business days' notice to the petitioner, petitioner's counsel—if petitioner has counsel, and the Court of its intent to remove the petitioner from the United States and must not remove the petitioner during that time period.

(G.O. 26-09 at 4 (emphasis added).) At present, a response to the Petition is due August 26, 2026, and a reply due 3 days after filing of the response, leaving the expectation that the Petition will be fully briefed and under consideration no later than August 31, 2026. Under those circumstances, the Court sees no reason to *sua sponte* depart from the directions of the General Order.

**IT IS THEREFORE ORDERED** no action will be taken on Petitioner's requests for temporary relief in his Petition (Doc. 1).

Dated: August 20, 2026

26-5854o Order 26 08 20 re Req for MTRO.docx

James F. Metcalf
United States Magistrate Judge